## SYKES et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920.)

No. 3346.

1. **Conspiracy** ⊜➔43 (11)—**Indictment held to charge conspiracy to violate Espionage Act.**

An indictment which expressly enumerated the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h) as one of the acts, the enforcement of which the defendants conspired to hinder, alleged the methods by which the enforcement thereof was to be hindered, and enumerated overt acts, it was sufficiently plain to advise defendants of the crime with which they were charged.

2. **Indictment and information** ⊜➔196 (2)—**Going to trial waives formal defects in indictment.**

Where defendants went to trial on the indictment, they thereby waived all objections to the mere form in which the various elements of the crime were stated, as well as to the inartificial drawing of the indictment.

In Error to the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Joshua Sykes and others were convicted of conspiracy to hinder the enforcement of the war acts, and they bring error. Affirmed.

The indictment under which the plaintiffs in error were convicted charged that they did willfully, knowingly, unlawfully, and feloniously conspire, combine, confederate, and agree together * * * to hinder and delay the execution of certain laws, rules, and regulations of the United States, and to violate certain laws, rules, and regulations of the United States, to wit: (1) The Joint Resolution of the Senate and House of Representatives of April 6, 1917, declaring war; (2) the proclamation and regulations of the President of April 6, 1917, governing the conduct and treatment and disposition of alien enemies within the United States, "reference being particularly made to a violation of the rules and regulations governing the registration of alien enemies"; (3) The Act of Congress of May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1918, §§ 2044a–2044k), authorizing the President to increase the military establishment of the United States, the proclamation of the President fixing the time for registration under the act, the registration regulations prescribed by the President, and the rules and regulations of local and district boards, "special reference being had to the provisions of said act, proclamation, and regulations for the registration, selection, and draft of persons available for military service"; (4) the Act of June 15, 1917, known as the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212a–10212h), "special reference being had to the provisions of said act concerning the prosecution and punishment of persons willfully causing or attempting to cause insubordination, disloyalty, mutiny, or refusal of duty in the military and naval forces of the United States, or willfully obstructing the recruiting or enlistment service of the United States, to the injury of the service of the United States."

The indictment then alleges that during the times mentioned in the indictment there existed an organization known as the Church of the Living God at Berkeley, Cal.; that the defendants "were organized for the special purpose of preventing, hindering, and delaying the execution of said laws, rules, and regulations above enumerated, and have been actively engaged in the management and conduct of said organization, propagating its principles by written and verbal exhortations; * * * that as a part of said conspiracy the said defendants prevailed upon the various people who had become members of said Church of the Living God not to contribute to the Red Cross or buy Liberty Bonds, not to display the American flag nor to frequent the homes

⊜➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

264 F.—60          *Rehearing denied September 7, 1920.

of others who did display the American flag in said homes, not to register as alien enemies under and in pursuance to the laws, rules, and regulations of the United States, and not to stand when the national hymn was sung, or to otherwise show respect for the same; that as a part of said conspiracy the said defendants and each of them, during the times referred to herein, and for the purpose of violating the aforesaid enumerated laws, rules, and regulations, made various verbal remarks reflecting upon the standing and good name of the soldiers of the United States and their fighting ability, and endeavored to impress upon the minds of their congregation, and upon the minds of various persons whose names are to the grand jurors unknown, that the German army represented the chosen people of the Lord, and that said German army would be victorious in the outcome of the said war now existing between the United States and the Imperial German government, * * * and advised and requested German alien enemies not to register under and in pursuance to the laws, rules, and regulations of the United States, said defendants well knowing, during all of the times mentioned in the indictment, that the necessary effect of their words and actions, as herein set forth, would hinder and delay, and in part prevent, the execution of said laws, rules and regulations above enumerated." It is then alleged that the "said conspiracy" was in existence continuously throughout the times referred to. These averments are followed by detailed allegations of various overt acts done "in furtherance of said conspiracy * * * and to effect and accomplish the object thereof."

Theodore A. Bell and Crittenden Thornton, both of San Francisco, Cal., for plaintiffs in error.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). We are of the opinion that the indictment is sufficient in one charge at least. After the charge that defendants conspired to violate certain laws, rules, and regulations of the United States, there was the specific enumeration of the act of Congress approved June 15, 1917, entitled "An act to punish acts of interference with the foreign relations, the neutrality, and the foreign commerce of the United States, to punish espionage, and better to enforce the criminal laws of the United States, and for other purposes." Then follows the averment that the defendants were organized for the special purpose of preventing, hindering, and delaying the execution of the said laws, thereinbefore enumerated in the indictment, and had been actively engaged in the conduct of such organization, and that as a part of the conspiracy defendants prevailed upon various people who had become members of the Church of the Living God not to contribute to the Red Cross, or buy Liberty Bonds, or display the American flag, or frequent the homes of others who did display the American flag in their homes, not to register as alien enemies, and endeavored to impress upon the minds of their congregation, and of various persons whose names were unknown, that the German army represented the chosen people of the Lord and would be victorious in the war, and advised and requested German alien enemies not to register; the defendants well knowing that the necessary effect of their words and actions would hinder and delay, and in part prevent, the execution of the laws, rules and regulations enumerated in the indictment. Then follow a number of overt acts.

[1, 2] The indictment is by no means an artificial pleading, but we think it was sufficiently plain in its language to advise defendants of the crime with which they were charged. Defendants went to trial upon it, and thereby waived all objections which ran to the mere form in which the various elements of the crime were stated, as well as to the fact that the indictment was inartificially drawn. Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Jelke v. United States, 255 Fed. 264, 166 C. C. A. 434.

As a general verdict of guilty was rendered, and the record presents no question other than whether the indictment states an offense, and as the sentences imposed upon the plaintiffs in error were less than might have been imposed under the conspiracy statute, it is unnecessary to consider the other charges in the indictment. Pierce v. United States, 252 U. S. ——, 40 Sup. Ct. 205, 64 L. Ed. —— (decided March 8, 1920); Abrams v. United States, 250 U. S. 616, 40 Sup. Ct. 17, 63 L. Ed. 1173.

Judgment affirmed.